UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBBIE PITCHER,<br><br>                Petitioner,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Respondent. | Case No. 1:20-cv-00469-CWD<br><br>**ORDER** |

Before the Court is Petitioner's Motion for Approval of Attorney Fees made pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 27.) Petitioner's motion seeks payment of fees in the amount of $6,662.50. Responded has no objection to the motion. (Dkt. 28.) For the reasons that follow, the Court will grant the motion. (Dkt. 27.)

The EAJA provides that a court will award fees and other expenses to a prevailing party when such fees and other expenses were incurred by that party in any civil action brought against the United States, unless a court finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §§ 2412(d)(1)(A) and (B). Fees and other expenses include reasonable attorney fees and paralegal fees. *Id*; *see also Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees).

**ORDER—1**

Having reviewed the motion, the supporting materials, and the entire record herein, the Court finds Petitioner is the prevailing party in this matter and that nothing in the record indicates "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Indeed, Respondent has not objected to the requested attorney fees and costs. (Dkt. 28.) But even if there is no objection, the Court has an independent obligation to review the reasonableness of the request as to the fee charged and the hours expended. Doing so here, the Court finds the requested amount of attorney fees is reasonable and consistent with the total amount of such fees regularly seen by the Court in similar cases. Specifically, the Court finds counsel's hourly rates of $200.00 for lead counsel, and $125.00 for junior counsel, and the number of hours expended, 42.5 hours, are both reasonable.[1] 28 U.S.C. § 2412(d)(2)(A)(ii).[2]

Based upon the foregoing, the Court will grant the motion and Petitioner will be awarded attorney fees in the amount of $6,662.50. 28 U.S.C. § 2412(d). The award made under the EAJA is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

---

[1] Petitioner's attorney customarily charges $200.00 per hour. However, Petitioner's attorney represents that a new attorney drafted the reply brief with assistance, and thus she discounted the rate for the junior attorney's work to $125.00. Petitioner's attorney thus charged $200/hour for 18 hours, and billed $125/hour for 24.5 hours attributable to the junior attorney.

[2] *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/

**ORDER—2**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Motion for Approval of Attorney Fees (Dkt. 27) is **GRANTED** and fees are **AWARDED** as follows:

1) Petitioner is awarded EAJA fees in the amount of $6,662.50 pursuant to 28 U.S.C. § 2412(d). The award made under the EAJA is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2) Any payment of this award shall be mailed to Barbara Harper, at the following address:

MOSSMAN LAW OFFICE, LLP
611 West Hays Street
Boise, Idaho 83702

DATED: April 22, 2022

Candy W. Dale
U.S. Magistrate Judge